# EXHIBIT 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DELTA AIR LINES, INC. a Delaware Corporation; DAWN GALLINA, an individual and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FELILA FINAU, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN MATEO COUNTY SUPERIOR COURT OF CALIFORNIA
400 County Center, Redwood City, CA 94063

**CASE NUMBER:** *(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Aidin D. Ghavimi (SBN 305808), STARPOINT, LC Attorneys at Law 1801 Century Park East Los Angeles CA 90067 310-556-9627

DATE: _____ Clerk, by _____ , Deputy
*(Fecha)*            *(Secretario)*            *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Delta Airlines, Inc., a Delaware Corporation
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.  [Print this form]  [Save this form]  [Clear this form]

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Aidin D. Ghavimi, Esq. (State Bar No. 305808)<br>STARPOINT, LC<br>1801 Century Park East, 24th Floor - Los Angeles, California 90067 | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.: (310) 556-9627    FAX NO. *(Optional):* (424) 255-4035<br>ATTORNEY FOR *(Name):* Plaintiff FELILA FINAU | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Unlimited Civil - Redwood City Courthouse

CASE NAME:
FELILA FINAU v. DELTA AIRLINES, INC. et al.

| CIVIL CASE COVER SHEET<br>[x] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| **Employment** | [ ] Writ of mandate (02) | |
| [x] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 11
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 12, 2021

Aidin Ghavimi
_____
(TYPE OR PRINT NAME)

/s/ Aidin Ghavimi
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

For your protection and privacy, please press the Clear

Aidin D. Ghavimi, Esq. (State Bar No. 305808)
John Vafa, Esq. (State Bar No. 306059)
STARPOINT, LC
1801 Century Park East, 24th Floor
Los Angeles, California 90067
T: (310) 556-9627
F: (424) 255-4035
info@starpointlaw.com

Attorneys for Plaintiff,
FELILA FINAU

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO — CIVIL UNLIMITED

| | |
|---|---|
| FELILA FINAU, an individual<br><br>Plaintiff,<br><br>vs.<br><br>DELTA AIR LINES, INC. a Delaware Corporation; DAWN GALLINA, an individual and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES:<br><br>1. RETALIATION (Lab. C. 1102.5)<br>2. RETALIATION (Lab. C. 98.6)<br>3. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br>4. FAILURE TO PAY WAGES DUE (Cal. Lab. C.)<br>5. FAILURE TO PAY WAGES DUE (Local Wage Orders)<br>6. FAILURE TO PAY OVERTIME<br>7. FAILURE TO PROVIDE MEAL & REST BREAKS<br>8. FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS<br>9. WAITING TIME PENALTIES<br>10. UNFAIR/UNLAWFUL BUSINESS PRACTICES<br>11. FAILURE TO MAINTAIN ACCURATE EMPLOYMENT RECORDS<br><br>DEMAND FOR JURY TRIAL |

Plaintiff FELILA FINAU, an individual, by and through her undersigned counsel, hereby complains and alleges upon information and belief against Defendants DELTA AIR LINES, INC., *et al.* as follows:

1

**COMPLAINT FOR DAMAGES**

I.  **NATURE OF COMPLAINT**

1. This action concerns wage and hour violations, retaliation and wrongful termination for reporting violations of state and federal labor laws.

2. Defendant Delta Air Lines, Inc. ("DELTA"), recruited Plaintiff FELILA FINAU ("FINAU" or "Plaintiff") for work as a salaried "Administrative Assistant" in effort to avoid overtime pay. This exempt classification and salary amount flew in the face of Cal. Lab. C. §515 and the California contemplated exemptions therein for failing to meet the twice the prevailing minimum wage laws under both State of California and City & County of San Francisco's wage orders.

3. When DELTA realized its error, Plaintiff was moved into an hourly position. Plaintiff then made inquiry as to her lost hours and overtime from this misclassification. DELTA refused to address Plaintiff's inquiries for over a year to determine all the overtime owed and newly accrued paid time off, certified time and vacation time since such accruals are deemed as wage due or banked as payable upon separation under California law.

4. Because of her continued complaints and inquiries regarding wage violations, DELTA terminated Plaintiff.

II.  **THE PARTIES**

5. Plaintiff FELILA FINAU, ("FINAU" or "Plaintiff") is, and was at all relevant times is an individual resident of San Mateo, County.

6. Defendant DELTA AIR LINES, INC. ("DELTA") is a Corporation formed under the laws of the state of DELAWARE and operates out of San Francisco International Airport ("SFO").

7. Defendant DAWN GALLINA, is a resident of San Mateo, County and DELTA manager at SFO. GALLINA is personally liable under Cal. Lab. C. §558.1 only for the wage and hour causes of action asserted herein.

8. Defendants Does 1 through 100, whose identities and addresses are unknown to Plaintiffs but are believed to be located outside of California, are individuals and/or entities that engaged in the unlawful activities complained of herein. The Complaint will be amended, if

2
**COMPLAINT FOR DAMAGES**

appropriate, to include the name or names of these individuals/entities when such information becomes available.

9. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each of the Defendants, including all Defendants sued under fictitious names, and those agents, employees, and/or independent contractors identified herein, were the agent and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency or employment.

10. Defendants and DOES 1 through 100 shall be collectively referred to in this Complaint as "Defendants" when applicable.

### III. JURISDICTION & VENUE

11. This Court has jurisdiction over this action and the matters alleged herein pursuant to the grant of original jurisdiction set forth in Article VI, § 10 of the California Constitution. The statutes under which this action is brought do not specify any other basis for jurisdiction.

12. This Court has jurisdiction over Defendant because, upon information and belief, each Defendant is either a citizen of California, has sufficient minimum contracts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by this Court consistent with traditional notions of fair play and substantial justice.

### IV. FACTS COMMON TO ALL CAUSES OF ACTION

A. **Plaintiff's Background & DELTA's Paid Time Off Policies.**

13. DELTA hired FINAU in 2010 as a customer service representative at SFO. Her duties included the typical customer and traveler interface for flying. This included but not limited to the checking-in passengers, ticket sales, issuing boarding cards, re-arranging customer flight itineraries and customer service dispute resolution, amongst other duties related to DELTA's day to day operations at SFO.

14. In or about 2012, Plaintiff was given a payroll position with the local human resources division at SFO where she processed time sheets and ran payroll. Plaintiff was not performing any executive, administrative, professional or other exempt services defined by Cal.

3
**COMPLAINT FOR DAMAGES**

Lab. C. Sec. 515. Plaintiff was misclassified as an exempt employee from January 2012 through early August 2019.

15. In 2015, Delta promoted Plaintiff to an "Administrative Assistant" position. The duties included but not limited to base operation managerial support, where Plaintiff performed light payables to local vendors, processed SFO landing fees, liaised with SFO airport management and U.S. Customs for employee badges and badges with U.S. Customs seals for international flight arrivals authorizing seamless access throughout the SFO airport.

16. In reality, Plaintiff's role was mainly that of in-house clerical support for DELTA's SFO office staff. Plaintiff's "Administrative Assistant" duties often required travel throughout DELTA's West Coast/Western domestic operations airports, from Anchorage to San Diego and all of Hawaii's airports that DELTA serves. To carry out her duties, Plaintiff worked twelve to fourteen-hour of both productive and unproductive time per workday, for which DELTA refuses to pay.

17. In addition to compensating for hours worked, DELTA's separately delineates accruals for vacation time, certified time and paid time off earned as part of the number of hours worked that are separate and distinct from sick leave. These separate accruals allow for various times to be banked under different categories, and deemed accrued wages as basic operation at California law and San Francisco's Administrative Code within DELTA'S policies and procedures.

**B.   DELTA Recognizes Its Peril and Terminates Plaintiff.**

18. In mid to late August 2019 DELTA realized Plaintiff's misclassification. Rather than engage Plaintiff professionally, Defendant GALLINA, a managing agent of DELTA, decided to have a Human Resources intervention informing Plaintiff of the change in compensation to hourly status. In response, Plaintiff made a proper and reasonable inquiry as to the calculations for unpaid overtime that triggered a new set of figures for paid time off, certified time and vacation times accruals lost in the salaried tenure time frame.

19. GALLINA could not intelligibly respond for close to over one year. From August 2019, up until Plaintiff's termination in September 2020. Plaintiff insisted that DELTA make reasonable effort to pay the unpaid overtime hours as a result of the misclassification.

20. On or about September 09, 2020, at GALLINA'S behest, DELTA terminated Plaintiff without explanation when Plaintiff inquired yet again about unpaid wages. GALLINA refused to calculate much less address the status of Plaintiff's lost overtime hours, paid time off, certified hours lost, and vacation time hours lost as a result of unaccrued recorded hours from when Plaintiff was misclassified as an exempt employee.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Retaliation in Violation of Cal. Lab. C § 1102.5

### (Against All Defendants.)

21. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

22. On September 1, 2019, Plaintiff was wrongfully discharged for whistleblowing in violation of California Labor Code §§ 1102.5. Specifically, Specifically, Defendants withheld earned wages from Plaintiff and retaliated against her for reasonably engaging in a lawful and protected activity, as more fully set forth in the allegations above and all paragraphs stated above. Plaintiff was also retaliated against and terminated because she reported and refused to participate in Defendants' unlawful and illegal business practices.

23. By wrongfully discharging Plaintiff, without cause or justification, and for the retaliatory reasons set forth above, Defendants acted willfully and with malice towards Plaintiff.

24. As a result of Defendants' retaliatory actions against Plaintiff, Plaintiff suffered (a) humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings and employment benefits and opportunities; all on account of which Plaintiff is entitled to compensatory damages. Plaintiff is also entitled to recover reasonable attorneys' fees and costs pursuant to Labor Code Section 1102.5. The exact amount and nature of such damages are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information or will prove the same at time of trial.

25. The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive and were done with the intent to cause Plaintiff the injury described herein and justify the

awarding of exemplary or punitive damages in an amount to be determined at the time of trial.

26. As more fully set forth above, the retaliation by Defendants was done intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff' rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

## SECOND CAUSE OF ACTION

### Retaliation in Violation of Cal. Lab. C. § 98.6

### (Against DELTA AIR LINES)

27. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

28. California Labor Code § 98.6 prohibits an employer from discharging an employee or in any manner discriminating, retaliating, or taking any adverse action against any employee for making "a written or oral complaint that he or she is owed unpaid wages." Lab. C. § 98.6(a).

29. Plaintiff's aforementioned protected activity, as described hereinabove, was a substantial motivating factor in Defendants' decisions that were averse to Plaintiff, in regard to compensation and terms, conditions and privileges of employment.

30. Defendants retaliated against Plaintiff as manifested by several acts as alleged herein. Specifically, Defendants withheld earned wages from Plaintiff and retaliated against her for reasonably engaging in a lawful and protected activity, as more fully set forth in the allegations above and all paragraphs stated above. Ultimately, Defendants terminated Plaintiff's employment without valid justification.

31. The aforementioned acts are retaliatory against Plaintiff and a violation against California Labor Code § 98.6. As a result of the foregoing wrongful conduct, Plaintiff is entitled to recover restitution damages in the form of payment of unlawfully withheld wages, overtime, and commissions. Plaintiff is also entitled to recover reasonable attorneys' fees and costs pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine.

32. As a result, Plaintiff is entitled to recover all lost wages, prejudgment interest, and reasonable attorneys' fees and costs of suit. The exact amounts of such damages are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

33. The unlawful practices toward Plaintiff, as alleged in the allegations set forth above, were approved and ratified by Defendants by its failure to honor Plaintiff' rights under the aforementioned law to which he was entitled.

### THIRD CAUSE OF ACTION

### Wrongful Termination In Violation of Public Policy

### (Against DELTA AIR LINES)

34. Plaintiff re-alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

35. Defendants terminated Plaintiff's employment in retaliation in violation of Labor Code §§ 98.6 and 1102.5, and in furtherance of its willful violation of California Labor Code §§ 200, 226.8, and Business and Professions Code §17200 *et seq.*, amongst other California laws, as more fully set forth in the allegations above.

36. The aforementioned acts of Defendants constitute wrongful termination in violation of public policy.

37. As a result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer from (a) substantial humiliation, serious mental anguish, emotional and physical distress, (b) loss of past and future earnings, employment benefits and opportunities, which Plaintiff is entitled to as compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information or will prove the same at the time of trial.

38. As more fully set forth above, the acts of Defendants were intentional, malicious, wanton, oppressive and fraudulent, with conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code §3294. Plaintiff is therefore entitled to punitive or exemplary

7
**COMPLAINT FOR DAMAGES**

damages in an amount sufficient to punish and make an example out of Defendants.

## FOURTH CAUSE OF ACTION

### Failure to Pay Wages Due

### (Against all Defendants)

39. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

40. During the separation of Plaintiff's employment, Defendants failed to timely pay wages due, paid time off, DELTA'S certified time, vacation time, commissions and other compensation legally due to Plaintiff, who was wrongfully terminated. Even after Plaintiff's repeated demands, Defendants deliberately refused to pay Plaintiff, at the time of Plaintiff's initial separation and subsequent termination.

41. As a result, Plaintiff is entitled to back wages, prejudgment interest, reasonable attorneys' fees and costs, civil penalties pursuant to California Labor Code §§ 203, 1194, 1197, Industrial Wage Order 9 -2001 and related statutes. The exact amounts of such damages are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same time of trial.

## FIFTH CAUSE OF ACTION

### Failure to Pay Wages Due

### SAN FRANCISCO MINIMUM WAGE ORDER & MINUMUM COMPENSATION ORDER

### (Against all Defendants)

42. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

43. During the separation of Plaintiff's employment, Defendants failed to timely pay to timely pay wages due, paid time off, DELTA'S certified time, vacation time, commissions legally due to Plaintiff, who was wrongfully terminated. Even after Plaintiff's repeated demands, Defendants deliberately refused to pay Plaintiff, at the time of Plaintiff's initial separation and subsequent termination.

44. As a result, Plaintiff is entitled to back wages, prejudgment interest, reasonable

attorneys' fees and costs, civil penalties pursuant to San Francisco Administrative Code, Chapter 12P §§12P1 through §§12P16, and related statutes under San Francisco Administrative Code Chapter 12R §12R.7(d) allowing private of action for enforcement of wage orders. The exact amounts of such damages are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same time of trial.

## SIXTH CAUSE OF ACTION

### Failure to Pay Overtime Compensation

### (Against all Defendants)

45. Plaintiff re-alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

46. During the course of Plaintiff's employment, Defendants failed to immediately pay accrued wages and other compensation due to Plaintiff, who was wrongfully terminated, and failed to pay accrued wages, including overtime wages and other compensation due, at the time of Plaintiff's initial separation and subsequent termination as a result from being misclassified.

47. As a result, Plaintiff is entitled to back wages, prejudgment interest, reasonable attorneys' fees and costs, civil penalties pursuant to California Labor Code §§ 203, 1194, 1197, Industrial Wage Orders, San Francisco local wage orders, and related statutes. The exact amounts of such damages are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same time of trial.

## SEVENTH CAUSE OF ACTION

### Failure to Provide Meal and Rest Breaks

### (Against all Defendants)

48. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

49. California Labor Code §§ 512 and 226.7(a) prohibit an employer from requiring an employee to work more than five hours per day without providing the employee with a meal period of not less than 30 minutes; and after ten hours, without providing the employee with a second meal period of not less than 30 minutes.

50. California Labor Code §§ 512 and 226.7(a) prohibit an employer from requiring an employee to work more than four hours per day without providing the employee with a 10-minute rest period.

51. Defendants intentionally and consistently required Plaintiff to work for extended periods of time, well over five hours, without providing the rest and meal periods required by law, thus violating California Labor Code §§ 512 and 226.7.

52. As a result, Plaintiff is entitled to civil penalties pursuant to California Labor Code § 226.7, 512, Industrial Wage Orders, San Francisco local wage orders, and related statutes. Plaintiff is also entitled to recover all unpaid rest and meal periods, prejudgment interest, penalties, reasonable attorneys' fees and costs of suit. The exact amounts of such damages are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

## EIGHTH CAUSE OF ACTION

**Failure to Provide Accurate and Itemized Wage Statements**

**(Against all Defendants)**

53. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

54. During Plaintiff's employment with Defendants it intentionally and knowingly failed to provide Plaintiff with timely and accurate wage and hour statements showing gross hours earned, total hours worked, all deductions made, net wages earned, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

55. Defendants, systemically failed to provide such wage statements with accurate information and engaged in a policy of under-reporting and failing to pay for all hours actually worked in violation of California Labor Code §226 and related statutes.

56. As a result of Defendants violation of California Labor Code §226 and related statutes, Plaintiff has suffered injuries and damages, including, but not limited to: Plaintiff was not paid overtime she was entitled to; Plaintiff was not provided meal and rest breaks; Plaintiff was not paid wages due; and the absence of actual hours worked makes it difficult for Plaintiff to collect overtime

wages due.

57. As a result of Defendants intentional failure to provide Plaintiff with accurate and itemized wage statements, Plaintiff is entitled to all available statutory penalties, costs, and attorneys' fees, including those provided in California Labor Code §226(e), as well as all other available remedies.

## NINTH CAUSE OF ACTION

### Waiting Time Penalties

### (Against all Defendants)

58. Plaintiff re-alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

59. During the course of employment, Defendants failed to immediately pay accrued wages and other compensation due to Plaintiff, who was terminated, and failed to pay accrued wages, including overtime wages and other compensation due, at the time of Plaintiff's initial separation and subsequent termination.

60. As a result, Plaintiff is entitled to back wages, prejudgment interest, reasonable attorneys' fees and costs, civil penalties pursuant to California Labor Code §§ 203, 1194, 1197, related statutes and Industrial Wage Orders (9-2001), and San Francisco local wage orders. The exact amounts of such damages are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same time of trial.

## TENTH CAUSE OF ACTION

### Violation of Business & Professions Code §17200, *ET SEQ.*

### (Against DELTA AIR LINES)

61. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

62. California Business and Professions Code §17200 provides: "As used in this chapter, unfair competition shall mean and include any unlawful or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

63. Wage and hour laws express fundamental public policies. Providing employees with wages for all hours worked, rest breaks, and providing accurate itemized records are fundamental public policies of this State. Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain a competitive advantage by failing to comply with minimum labor standards.

64. Through the conduct alleged herein, Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of California Business and Professions Code §17200, et seq., depriving Plaintiff of rights, benefits, and privileges guaranteed to all employees in California.

65. During the course of Plaintiff's employment, Defendants engaged in multiple violations of the California Labor Code by failing to pay wages due to Plaintiff, failing to provide Plaintiff meal and rest periods and by failing to provide accurate and itemized statements of Plaintiff's wage and hours.

66. Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of §17200 et seq., of the California Business and Professions Code.

67. The acts of Defendants, as previously described above, were unfair, unlawful, and fraudulent as defined in California Business and Professions Code §17200, Such acts constitute an unfair business practice and unfair competition, thus violating California Business and Professions Code §17200 et seq. As a result, Defendants obtained valuable property, money and services from Plaintiff, including earned wages for all hours worked and have deprived him of valuable rights and benefits guaranteed by law, all to the detriment of Plaintiff and to the benefit of Defendants so as to allow Defendants to unfairly compete against competitors who comply with the law.

68. As a result of the foregoing conduct, Plaintiff is entitled to recover restitution damages in the form of payment of unlawfully withheld wages. Plaintiff is also entitled to recover reasonable attorneys' fees pursuant to Code of Civil Procedure §1021.5, the substantial benefit doctrine.

///

## ELEVENTH CAUSE OF ACTION

### Failure to Keep Accurate Employment Records

### (Against All Defendants)

69. Plaintiff re-alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

70. Defendant also knowingly and intentionally failed to maintain records of hours worked by Plaintiff in accordance with California Labor Code § 1174(d). Such failure caused injury to Plaintiff.

71. As a direct and proximate result of Defendant's conduct, Plaintiff has been injured by, among other things, not being paid all wages due, not knowing how many hours she worked and at what rate(s), and being required to file this action to recover her wages and determine the amount of hours worked and wages due.

72. Plaintiff is entitled to, and does hereby seek, injunctive relief requiring Defendant to comply with Labor Code § 1174(d) and the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) per employee for each violation in each subsequent pay period, pursuant to Labor Code § 226(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For such general, special and compensatory, actual and liquidated damages in amounts to be proven at the time of trial;
2. For restitution damages in the form of unpaid wages and commissions and improperly calculated wages;
3. For punitive and exemplary damages in amounts to be proven at the time of trial but no less than $800,000.00;
4. For penalties pursuant to the California Labor Code;
5. For waiting time statutory amounts under Labor Code Section 203;
6. For the amounts provided for in the local San Francisco Wage Orders, Industrial Wage Order 9-2001 and Labor Code;

**COMPLAINT FOR DAMAGES**

7.     For an award to Plaintiff of costs of suit incurred and reasonable attorneys' fees;

8.     For pre- and post-judgment interest at the prevailing statutory rates; and

9.     For such other relief as the Court may deem proper.

DATED: March 11, 2021          STARPOINT, LC

By: _____
AIDIN GHAVIMI, ESQ.
JOHN VAFA, ESQ.
Attorneys for Plaintiff,
FELILA FINAU

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATED: March 11, 2021                    STARPOINT, LC

By: _____
AIDIN GHAVIMI, ESQ.
JOHN VAFA, ESQ.
Attorneys for Plaintiff,
FELILA FINAU